

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00019-CV
_____


IN THE MATTER OF THE MARRIAGE OF BENJAMIN COREY HOWELL
AND JOSEPHINE MARIDA HOWELL AND IN THE INTEREST
OF A.M.H., A.M.H., AND A.M.H., CHILDREN


On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 07-0760


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

The marriage relationship between Benjamin Corey Howell and Josephine Marida Howell was dissolved through a final divorce decree entered pursuant to an agreement incident to divorce, which amicably divided the marital property, responsibility for debt, and support and access to the parties' three children.  The sole issue for our resolution is whether the qualified domestic relation order (QDRO) signed by the trial court impermissibly altered the interest in a 401(k) account awarded to Josephine in the agreed decree of divorce.  We determine it did not.

With respect to this matter, the agreement incident to divorce, as well as the divorce decree awarded Josephine:

> One-half of the net value of the 401(k) existing from the husband's employment after subtracting the loan balance (eg since the vested balance as of January 8, 2008 was $32,634.05 as set forth on the attached participant's summary and the loan balance was $5350.74 the wife would therefore receive $13,641.65 which is one-half of $27,283.31) more particularly described in a qualified domestic relations order signed by this court.

While the court set out a current valuation and estimate of sum to be awarded if the distribution were to occur when the judgment was signed, this language simply awarded Josephine one-half of the value of the 401(k).

After stating "[t]he applicable monies to be paid will be taken proportionately out of the funds in which the Participant is in at the time of distribution," the QDRO signed by the trial court added the following language of which Josephine complains:  "such amount shall be adjusted for earnings and losses from the valuation date to the date of distribution to the alternate payee."  At the

2

trial court level, she alleged that it was previously determined that she would receive $13,641.65, a sum certain, that the value was res judicata, and that the QDRO modified her amount. A chart was provided to the court indicating that the total account balance since the date of divorce had decreased by $7,931.40. We reject Josephine's interpretation of the divorce decree.

While an order may be clarified, it is beyond the power of a trial court to amend, modify, alter, or change the division of property made or approved after entry of a final decree of divorce. TEX. FAMILY CODE ANN. §§ 9.007, 9.008 (Vernon 2006). We review the QDRO to determine whether it amended the final divorce decree pursuant to the agreement incident to divorce. We will interpret the divorce decree and QDRO like any other judgment. *Floyd v. Floyd*, No. 04-04-00436-CV, 2005 WL 291493, at *2 (Tex. App.—San Antonio Feb. 9, 2005, no pet.) (mem. op.) (citing *Reiss v. Reiss*, 118 S.W.3d 439, 441 (Tex. 2003). If a decree read as a whole is not ambiguous, we will interpret it literally. *Id.*

In this case, it is clear that the intent of the parties, as well as the trial court, that the divorce decree awarded Josephine a one-half interest in Benjamin's 401(k). The QDRO, in stating that the plan funds were "sufficient in value to contain funds sufficient to divide the funds in a fashion that Alternate Payee may receive her share in the amount of $13,641.65 of the vested value as of March 24, 2008," did not constitute a ruling by the trial court that Josephine was entitled to a sum certain, no matter when her rights were satisfied. Rather, it set out, simply as an example, the amount the plan administrator would have to pay if funds were distributed as of that date. The

3

QDRO's language that funds would be paid proportionately, both evidenced that Josephine was entitled to a one-half interest instead of a sum certain and was entirely consistent with the language of the divorce decree when it awarded "one-half of the net value of the 401(k)." Since Josephine was entitled to a fifty percent share, the language that her share would be "adjusted for earnings and losses" before distribution was also consistent with the divorce decree. In sum, we fail to find any inconsistency between the QDRO and the divorce decree. Thus, we reject Josephine's point of error that the QDRO "impermissibly alter[ed] the interest in a 401(k) account" as specified in the agreed decree of divorce.

We affirm the trial court's order.


Josh R. Morriss, III
Chief Justice

Date Submitted:     July 7, 2009
Date Decided:       July 8, 2009

4